■ MARY K. MAYO, Respondent, v ROYAL INSURANCE COMPANY OF AMERICA, Doing Business as ROYAL INSURANCE, Appellant, et al., Defendant. [662 NYS2d 654] —Order unanimously reversed on the law without costs, motion denied and cross motion granted. Memorandum: In this action to recover no-fault benefits, Supreme Court erred in granting plaintiff's motion to enforce the parties' stipulation of settlement. The court erroneously relied exclusively on the stipulation of settlement in directing Royal Insurance Company of America (defendant) to pay future medical benefits in excess of the $50,000 statutory and insurance policy limit. The stipulation of settlement cannot be examined apart from the release that accompanied it. "In the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction will be read and interpreted together, it being said that they are, in the eye of the law, one instrument" (BWA Corp. v Alltrans Express, 112 AD2d 850, 852; see also, Hallmark Synthetics Corp. v Sumitomo Shoji, 26 AD2d 481,

484, *affd* 20 NY2d 871). The release refers to the insurance policy and makes clear what the stipulation does not: that the future medical expenses to be paid by defendant were no-fault benefits payable only under its policy of insurance. While generally the purpose of a written instrument should be gleaned from the instrument itself, " '[e]xtrinsic matters such as letters and other instruments may be construed as part of a contract where they are referred to therein or annexed thereto' " (*Sbarra v Totolis*, 191 AD2d 867, 870, quoting 22 NY Jur 2d, Contracts, § 226, at 74). Furthermore, "it is basic that, unless a contract provides otherwise, the law in force at the time the agreement is entered into becomes as much a part of the agreement as though it were expressed or referred to therein, for it is presumed that the parties had such law in contemplation when the contract was made and the contract will be construed in the light of such law" (*Dolman v United States Trust Co.*, 2 NY2d 110, 116). Because the recovery of basic economic loss, including medical expenses, is limited by statute and the insurance policy to no more than $50,000 (*see,* Insurance Law § 5102), defendant's obligation under the stipulation of settlement and release herein must also be so limited. The stipulation and release settled an action seeking no-fault benefits, and any other interpretation would be unreasonable. In light of our decision, plaintiff is not entitled to attorneys' fees pursuant to Insurance Law § 5106. (Appeal from Order of Supreme Court, Oneida County, Buckley, J.—Enforce Settlement.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.